UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DONTREAUN T. ALEXANDER,

    Petitioner,

v.                                                 Case No: 6:18-cv-339-Orl-28GJK
                                                      (6:15-cr-18-Orl-28GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Dontreaun T. Alexander's Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate," Doc. 1) filed pursuant to 28 U.S.C. § 2255. The Government filed a Response to the Motion to Vacate ("Response," Doc. 5). Petitioner filed a Reply to the Response ("Reply," Doc. 7).

Petitioner asserts five grounds for relief. For the following reasons, the Motion to Vacate is denied.

### I.    Procedural History

Petitioner was charged by superseding indictment with aiding and abetting in Hobbs Act robbery (Count One) in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2, aiding and abetting in the brandishing of a firearm during and in relation to a crime of violence (Count Two) in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and possession of a firearm by a convicted felon (Count Four) in violation of 18 U.S.C. § 922(g)(1). (Criminal Case No. 6:15-

cr-18-Orl-28GJK, Doc. 21.)[1] Pursuant to a plea agreement, Petitioner entered a plea of guilty to Counts One and Two. (Criminal Case, Doc. 39; Doc. 5-1.) The Court dismissed Count Four in accordance with the plea agreement. (Doc. 5-2 at 28.) The Court sentenced Petitioner to a 262-month term of imprisonment consisting of a 178-month term of imprisonment for Count One and a consecutive 84-month term of imprisonment for Count Two. (Doc. 5-2 at 24.) Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed. (Doc. 5-3 at 1-3.)

## II. LEGAL STANDARD

Section 2255 allows federal prisoners to obtain collateral relief under limited circumstances:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To obtain this relief, a petitioner must "clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982) (rejecting the plain error standard as not sufficiently deferential to a final judgment). "[I]f the petitioner 'alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.'" *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002) (quoting *Holmes v. United States*, 876 F.2d 1545,

---

[1]Criminal Case No. 6:15-cr-18-Orl-28GJK will be referred to as "Criminal Case."

2

1552 (11th Cir.1989)). In the event a claim is meritorious, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate" 28 U.S.C. § 2255(b).

### III. ANALYSIS

#### A. Ground One

Petitioner asserts counsel rendered ineffective assistance by failing to object to the Government's breach of the plea agreement. (Doc. 1 at 4.) According to Petitioner, the Government breached the plea agreement by failing to object to the career offender enhancement and advocating that Petitioner "receive an offense level greater than that stipulated in the plea agreement, and thus failing to adhere to the stipulated base offense level of 20." (Doc. 1-1 at 3-4.)

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. *Id.* at 687-88. The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To satisfy the prejudice requirement in such instances, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

Petitioner has not established deficient performance or prejudice. Contrary to

3

Petitioner's contention, the plea agreement did not provide that Petitioner would receive a base offense level of twenty or prohibit the Government from agreeing with the probation office's determination that Petitioner was a career offender, which resulted in a greater guideline range. *See* Criminal Case, Doc. 39 at 4. Instead, the plea agreement required the Government to recommend that Petitioner "receive a sentence at the low end of the applicable guideline range, as calculated by the Court." (*Id.*) Nothing in the plea agreement prohibited the Government from agreeing with the determination that Petitioner qualified as a career offender or required the Government to object to the career offender enhancement. Counsel, therefore, had no reason to argue that the Government breached the plea agreement and prejudice did not result from counsel's failure to do so. Accordingly, ground one is denied.

To the extent Petitioner complains that he was not informed that the career offender enhancement might apply and thus a breach of the plea agreement occurred, this argument is without merit. First, the plea agreement did not preclude a career offender enhancement. Furthermore, Petitioner affirmed at the plea hearing that he understood that Count One carried a maximum sentence of twenty years in prison and Count Two carried a mandatory minimum term of seven years up to life in prison. (Doc. 5-1 at 13.) Petitioner further affirmed that he understood there was no guarantee what his guideline score would be, his guideline range would not be determined until sentencing, and he would not be allowed to withdraw his plea if his guideline range was greater than what his attorney predicted. (*Id.* at 15-16.) Therefore, Petitioner knew when he entered his plea that his guideline range had not been calculated, that he could receive up to the

maximum sentence, and he could not withdraw his plea if his sentence was greater than predicted. Finally, Petitioner received three level reductions for acceptance of responsibility by entering the plea. And, Petitioner has not shown a reasonable probability exists that he would have proceeded to trial had he been informed he could receive a career offender enhancement. *See, e.g., Orange v. United States*, No. 16-12842-A, 2017 WL 5714719, at *3-4 (11th Cir. Jan. 6, 2017) (denying claim of ineffective assistance of counsel premised on counsel's failure to advise the petitioner he was subject to the career offender enhancement).

B.     Ground Two

Petitioner contends counsel rendered ineffective assistance by failing to have him undergo a full psychiatric evaluation to support a downward variance under 18 U.S.C. § 3553(a) and U.S.S.G. § 5H1.3.[2] (Doc. 1 at 5.) Petitioner maintains that had counsel sought a full psychiatric evaluation, counsel would have been able to present evidence demonstrating his long history of diagnosed psychological conditions and treatment. (Doc. 7 at 5-7.) Petitioner further notes that his mental defect could have supported a downward departure under U.S.S.G. § 5K2.13.[3] (Doc. 1-1 at 9.)

---

[2] Section 5H1.3, the codification of Amendment 739, provides: "Mental and emotional conditions may be relevant in determining whether a departure is warranted, if such conditions, individually or in combination with other offender characteristics, are present to an unusual degree and distinguish the case from the typical cases covered by the guidelines."

[3] Section 5K2.13 permits a downward departure "if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense." U.S.S.G. § 5K2.13. However, "the court may not depart below the applicable guideline range if . . . the facts and circumstances of the defendant's offense indicate a

5

Petitioner has not demonstrated deficient performance or prejudice. Prior to sentencing, counsel filed a sentencing memorandum requesting a downward variance, noting Petitioner had suffered from severe emotional and mental health issues throughout his life. (Criminal Case, Doc. 102.) The Presentence Investigation Report ("PSR"), which the Court reviewed, detailed Petitioner's mental health history and treatment. (Criminal Case, Doc. 100 at 16-18.) At sentencing, Petitioner advised the Court that he had been diagnosed as being bipolar. (Doc. 5-2 at 4.) Counsel argued that the Court should vary downward from the guideline calculation based on Petitioner's severe emotional and mental problems. (*Id.* at 8, 21.) The Court, however, determined that the sentence imposed, although significant, was sufficient to comply with the statutory purpose of sentencing in light of the extraordinary circumstances of the offense. (*Id.* at 27.) The Court noted that when the victim, who had a gun to her head, could not open the register quickly enough, Petitioner told his co-defendant to "shoot the bitch". (*Id.* at 27-28.)

The Court knew of Petitioner's mental health history, considered it, and concluded that a downward variance was not warranted. In fact, the Court was prohibited from departing below the guideline range under § 5K2.13 given that the facts and circumstances of Petitioner's offense indicated there was a need to protect the public because the offense involved actual violence or a serious threat of violence. Petitioner,

---

need to protect the public because the offense involved actual violence or a serious threat of violence. . . [or] . . . the defendant's criminal history indicates a need to incarcerate the defendant to protect the public. . . ." *Id.*

therefore, has not demonstrated a reasonable probability exists that he would have received a lesser sentence had counsel requested a full psychiatric evaluation. Accordingly, ground two is denied.

C.     Ground Three

Petitioner asserts counsel rendered ineffective assistance by failing to object to the career offender classification. (Doc. 1 at 6.) In support of this ground, Petitioner argues that (1) he was sentenced on the same date for his two resisting an officer with violence convictions, (2) his convictions for resisting an officer with violence are not crimes of violence because he pled nolo contendere, adjudication was withheld, and he only received a sentence of 90 days in jail, and (3) resisting an officer with violence does not categorically qualify as a crime of violence. (Doc. Nos. 1-1 at 17-23; 7 at 8-12.)

Petitioner has not demonstrated deficient performance or prejudice. The PSR reflects that Petitioner pled nolo contendere in case number 2009-cf-343 to resisting an officer with violence and was sentenced on May 12, 2009. He later pled nolo contendere in case number 2009-cf-4277 to resisting an officer with violence and was sentenced on March 18, 2010. (Criminal Case, Doc. 100 at 9-10.) The offenses were committed in violation of Florida law respectively on January 21 and September 4, 2009, and the sentences were imposed on separate dates. (*Id.*) Petitioner did not object to the PSR. Therefore, contrary to Petitioner's assertion otherwise, his convictions for resisting an officer with violence occurred on separate dates and his sentences were imposed on

7

separate dates.[4]

The Eleventh Circuit has held that the Florida offense of resisting an officer with violence categorically qualifies as a violent felony under the elements clause of the Armed Career Criminal Act ("ACCA"). *United States v. Hill*, 799 F.3d 1318, 1322 (11th Cir. 2015). Therefore, counsel had no legal basis on which to argue that resisting an officer with violence was not a crime of violence under career offender provision. *See Spencer v. United States*, 773 F.3d 1132, 1171 (11th Cir. 2014) ("[O]ur determinations about whether a conviction constitutes a 'violent felony' under the ACCA apply to the analysis of whether an offense qualifies as a 'crime of violence' under the Sentencing Guidelines."). Furthermore, a conviction for resisting an officer with violence qualifies as a crime of violence even if it was pursuant to a plea of nolo contendere and adjudication was withheld. *See United States v. Marius*, No. 16-12154, 2017 WL 473841, at *2 (11th Cir. Feb. 6, 2017) ("Under the Sentencing Guidelines, '[a] diversionary disposition resulting from a finding or admission of guilt, or a plea of nolo contendere, in a judicial proceeding is counted as a sentence under [section] 4A1.1(c) even if a conviction is not formally entered.' U.S.S.G. § 4A1.2(f). That determination is not affected by our holding in *United States v. Clarke*, 822 F.3d 1213 (11th Cir. 2016), that a guilty plea with adjudication withheld is not a 'conviction' under Florida law for the purpose of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1)."); *see also United States v. Elliot*, 732 F.3d

---

[4] In his Reply, Petitioner refers to his resisting an officer with violence convictions as his "May 12, 2009" and "March 18, 2010" convictions. (Doc. 7 at 8.) Petitioner offered no evidence demonstrating that the offenses occurred on the same date or that the sentences were imposed on the same date.

8

1307, 1313 (11th Cir. 2013) ("[A] plea of nolo contendere with adjudication withheld is a conviction for purposes of the § 4B1.1 career offender enhancement."). Accordingly, ground three is denied.

### D. Ground Four

Petitioner contends that his sentence for Count Two is illegal because he was sentenced pursuant to the residual clause of 18 U.S.C. § 924(c). (Doc. 1 at 8.) In support of this ground, Petitioner argues that Hobbs Act robbery no longer meets § 924(c)'s definition of a crime of violence. (*Id.*)

In *United States v. Davis*, 139 S. Ct. 2319 (2019), the Supreme Court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. However, subsequent to *Davis*, the Eleventh Circuit reiterated that Hobbs Act robbery under 18 U.S.C. § 1951(a) qualifies as a crime of violence under the elements clause in § 924(c)(3)(A). *In re Cannon*, No. 19-12533-F, 2019 WL 3334766, at *4 (11th Cir. July 25, 2019) (citing *In re Saint Fleur*, 824 F.3d 1337, 1340-41 (11th Cir. 2016) for the proposition that Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause); *see also United States v. McCain*, No. 18-11662, 2019 WL 3430261, at *2 (11th Cir. July 30, 2019) (holding that § 924(c) convictions were valid despite *Davis* because "[o]ur binding precedent holds that Hobbs Act robbery—the statute underlying both of McCain's predicate convictions—qualifies as a 'crime of violence' under § 924(c)(3)(A)'s elements clause."). Furthermore, the Eleventh Circuit has held that "aiding and abetting Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause." *Mack v. United States*, No. 19-

9

11138-H, 2019 WL 2725846, at *1 (11th Cir. May 22, 2019) (citing *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016)).

Petitioner's § 924(c) conviction was predicated on aiding and abetting in Hobbs Act robbery in violation of 18 U.S.C. § 1951. Under binding precedent, aiding and abetting Hobbs Act robbery categorically qualifies as a crime of violence under the elements clause of § 924(c)(3)(A). Petitioner's § 924(c) conviction, therefore, is valid despite *Davis*. Accordingly, ground four is denied.

### E. Ground Five

Petitioner contends his sentence for his § 924(c) conviction is illegal because the Court "failed to use the authority conferred by § 3553(a) to consider his sentence imposed under § 924(c) when calculating a just sentence for his § 1951(a) [conviction]." (Doc. 1 at 13.) In support of this ground, Petitioner relies on *Dean v. United States*, 137 S. Ct. 1170 (2017), which held that a sentencing court may consider "a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Dean*, 137 S. Ct. at 1178.

Initially, the Court notes that numerous courts have determined that *Dean* does not apply retroactively to cases on collateral review. *See, e.g., United States v. Robinson*, No. 3:06CR442/LAC/HTC, 2019 WL 2016556, at *7 (N.D. Fla. Apr. 17, 2019), *report and recommendation adopted*, No. 3:06CR442/LAC/HTC, 2019 WL 2010708 (N.D. Fla. May 7, 2019); *Morales-Avila v. United States*, No. 112CR0078ODERGV4, 2017 WL 3948926, at *2 (N.D. Ga. Sept. 8, 2017) ("*Dean* is not retroactively applicable to cases on collateral review."); *United States v. Dawson*, 300 F. Supp. 3d 1207, 1214 (D. Or. 2018) (holding *Dean*

is procedural and thus not retroactive on collateral review). Moreover, "*Dean* does not require sentencing courts to consider mandatory minimum sentences under § 924(c) when calculating the sentence for predicate counts; rather, *Dean* emphasizes the district court's 'long enjoyed discretion' and held that mandatory minimum consecutive sentences under § 924(c) *may* (not must) be considered." *United States v. Perez*, 744 F. App'x 624, 627 (11th Cir. 2018) (emphasis in original) (citing *Dean*, 137 S. Ct. at 1175-77.). Consequently, Petitioner is not entitled to collateral application of *Dean* and his sentence is not illegal under *Dean*. Finally, as discussed *supra*, the Court concluded that the sentence imposed was sufficient to comply with the statutory purpose of sentencing in light of the extraordinary circumstances of the offense. (Doc. 5-2 at 27.) Accordingly, ground five is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) is **DENIED,** and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:15-cr-18-Orl-28GJK and to terminate the motion (Criminal Case, Doc. 141) pending in that case.

4. This Court should grant an application for certificate of appealability only if

the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[5] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE** and **ORDERED** in Orlando, Florida on August 2 7, 2019.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[5] "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 11(a).